Boyd *vs.* Ham.

and of some of the witnesses who were spectators, inflamed with spirits, his moral man, if indeed he had any, dethroned, and all the long pent-up passions of his fallen nature rampant and clamourous for revenge, shoots Anderson, as he had just done his old dog; thus taking the life of his adversary when there were ample means at hand to protect his own, without resorting to this extremity. What Judge would assume the responsibility of setting aside their verdict?

This Court has, on more occasions than one, since its organization, evinced its determination, from a solemn sense of duty, to extend to unfortunate individuals, convicted of offences, every protection secured to them by the law. Beyond this we cannot go. The attribute of mercy is vested in another department of the Government; besides, the *peace* and *safety* of society must be preserved. The result of our deliberation is, that the judgment of the Court below must be *affirmed.*

---

No. 26.—Boyd and others, plaintiff's in error *vs.* Ham, defendant in error.

[1.] Where the transcript of the record was certified and sent up from the Court below, and was on file in the Clerk's office of the Supreme Court, on the first day of the term to which the case was returnable, and no assignment of errors was filed on that day or before, the case was dismissed.

Error to the Superior Court of the County of Merriwether.

No appearance on the part of the plaintiffs in error.

O. Warner, for the defendant in error, moved to dismiss the writ of error.

It appeared that the transcript of the record in the cause had been certified and sent up from the Court below, and was on file in the Clerk's office of the Supreme Court, on the first day of the term; and that the plaintiffs in error had failed to file an assignment of errors in the cause, as required by the xxiii Rule of Court.

*Per* Curiam.

Ordered, therefore, that the writ of error in the cause be dismissed, and the judgment of the Court below be affirmed.